UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WALTER ANTHONY,** | Civ. No. 2:11-cv-00796 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | |

**THIS MATTER** comes before the Court on Agnes Wladyka's request for attorney's fees under 42 U.S.C. § 406(b). Wladyka represented Plaintiff before this Court in connection with his appeal of a decision by the Commissioner of Social Security (the "Commissioner") denying his application for a period of Disability Insurance Benefits. After the government consented to remand Plaintiff's appeal to the Commissioner for further findings, an administrative law judge (the "ALJ") issued a favorable decision finding Plaintiff disabled as of February 12, 2007. The Social Security Administration then awarded Plaintiff $133,338.00 in past due benefits. The Commissioner withheld 25 percent of Plaintiff's retroactive benefits – or $33,347.00 – for attorney's fees.

Upon entering into a retainer agreement with Wladyka, Plaintiff agreed to pay up to 25 percent of any award of past benefits to her for her services. Wladyka thus seeks $33,347.00 in attorney's fees for work she performed in the proceedings before this Court and at the administrative level. On May 29, 2012, this Court awarded attorney's fees

1

under the Equal Access to Justice Act ("EAJA") in the amount of $5,231.31 to Wladyka. Plaintiff never paid that amount. And on April 9, 2014, the ALJ authorized a fee of $15,000 for Wladyka's work at the administrative level. Wladyka's fee request is unopposed.

Under § 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," but that fee may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled." In *Gisbrecht v. Barnhart*, the Supreme Court clarified that "§ 406(b) does not displace contingent-fee agreements." 535 U.S. 789, 807 (2002). Rather, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past due benefits. *Id.* Within the 25 percent boundary, an attorney for a successful claimant must show that the fee sought is reasonable given the services rendered. *Id.*

Courts in the Third Circuit have considered the amount of time spent on the case, the result achieved, the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding when determining if a fee is reasonable. *Wilson v. Astrue*, 622 F. Supp. 2d 132, 136 (D. Del. 2008) (approving a fee of $21,958.13, a sum representing 25 percent of the past due benefits, for 19 hours of work); *Perez v. Barnhart*, No. 02-3779, 2006 WL 781899, at 3-4

(E.D. Pa. March 23, 2006) (reducing a fee request of $20,563.50 for 17.2 hours of work to $13,932.00).  Regarding the amount of time spent on the case, a court should consider only the hours billed for representation on the district court level; time spent before the administrative agency is not considered.  *Id.*

Plaintiff provided documentation showing that she spent 79 hours on Plaintiff's case, which includes 29 hours for proceedings before this Court.  As the ALJ already awarded Plaintiff $15,000 for work performed at the administrative level, the Court will consider only the remaining $18,347.00 of the $33,347.00 requested fee.  And, as explained above, the Court will only consider the time that Wladyka spent representing Plaintiff before this Court when evaluating the reasonableness of this fee.

A fee of $18,347.00 for 29 hours of work results in an attorney fee of $632.66 per hour.  The Court will award the entire $18,347.00 fee.  Wladyka is a highly experienced practitioner in this area and has appeared before judges in this district many times.  She provided a record of the hours spent on this case, and the line items and time attributed for each task are reasonable.  Moreover, her submissions to the Court reflect the time and experience involved, and she produced excellent results for Plaintiff.  Further, while her typical fee for representing individuals in federal court is $300.00, the higher contingency fee is reasonable given that she would have received nothing if Plaintiff's appeal were unsuccessful.  *See* Certification of Agnes S. Wladyka in Support of Pl's Mot. for Attorney Fees under EAJA ¶ 3, ECF No. 16-1.  And she was not responsible for any delays in the proceeding.  Finally, the Court acknowledges that the EAJA hourly fee that Wladyka previously requested is lower than $632.66 per hour, but finds that this does not

outweigh the other factors in favor of awarding the requested fee.  The Court thus **GRANTS** Wladyka's motion and awards Wladyka attorney's fees in the amount of $18,347.00.  Given that Wladyka will receive compensation for her work on this case through the instant fee, the Court **VACATES** its May 29, 2012 Order granting EAJA fees.

        /s/ William J. Martini
    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 2, 2014**